UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Hayes

   v.                                                                   Case No. 19-cv-1003-PB

FCI Fort Dix

**REPORT AND RECOMMENDATION**

Before the court is pro se petitioner John Hayes's letter (Doc. No. 1) requesting that the court order the Bureau of Prisons ("BOP") to immediately move him to a halfway house so that he may serve his federal sentence there before being moved to home confinement. The court construes the letter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petition is before this court for screening under Rule 4 of the Rules Governing § 2254 Cases ("§ 2254 Rules"). Under those rules, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." § 2254 Rule 4; see also 28 U.S.C. § 2253 (writ may be issued, "unless it appears from the application that the . . . person detained is not entitled to it"). Federal courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). In conducting its preliminary review, the

1

court construes pro se filings liberally.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Hayes pled guilty in this court, pursuant to a plea agreement, to one count of conspiracy to introduce misbranded drugs into interstate commerce.  See J., United States v. Hayes, No. 1:16-cr-00098-PB-1 (N.H.D.) (E.C.F. No. 114).  The court sentenced Hayes to thirty months of imprisonment and two years of supervised released.  See id.  Hayes, who filed this action while he was incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"), is currently housed at the Manhattan Correctional Center in New York ("MCC New York").  He is scheduled to be released in October 2020.[1]

## Allegations and Relief Sought

Hayes contends that the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, and Second Chance Act of 2007, 18 U.S.C. § 3624(b), provide for the placement of federal inmates in pre-release community custody, such as a halfway house, for twelve months followed by placement in home confinement for the last 10% or six months of the inmate's sentence.  He alleges

---

[1] See BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last viewed May 14, 2020).

that officials at FCI-Fort Dix informed him that the BOP would not place him in pre-release community custody and that he probably would spend less than a month in home confinement. Hayes requests that this court enter an Order directing the BOP and the staff at FCI-Fort Dix to move him to a halfway house to finish his sentence before he is placed on home confinement.

## Discussion

I. 18 U.S.C.A. § 3624(c)

Pursuant to 18 U.S.C.A. § 3624(c)(1), the director of the BOP is required to ensure, "to the extent practicable," that a federal prisoner spends a portion of the final months of his prison term (not to exceed twelve months) in pre-release community custody, id., which can include a halfway house, residential re-entry center, or other community correctional facility, see 28 C.F.R. § 570.20. The Director of the BOP also may place a prisoner in home confinement for 10% of the prisoner's term of imprisonment or six months, whichever is shorter. See 18 U.S.C.A. § 3624(c)(2).

II. Jurisdiction

Favorably construing the petition, the court finds that Hayes seeks an order from this court requiring the BOP[2] to

---

[2]Because Hayes has been transferred to another federal facility, any injunctive relief he seeks against FCI-Fort Dix

3

transfer him to a community-based form of custody, which is a proper basis for a habeas petition under 28 U.S.C. § 2241. See González-Fuentes v. Molina, 607 F.3d 864, 873 (1st Cir. 2010) (recognizing that a request for a "quantum change in the level of custody" should be brought in habeas). But a § 2241 petition challenging the BOP's execution of an inmate's federal sentence may be brought only in the district court with personal jurisdiction over the prisoner's custodian. See United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) (citing United States v. DiRusso, 535 F.2d 673, 675 (1st Cir. 1976) ("The proper vehicle for attacking the execution of sentence . . . is 28 U.S.C. § 2241.")); see also Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

Hayes is housed outside this court's jurisdiction, and this court does not have personal jurisdiction over Hayes's custodian, the warden of MCC New York. Moreover, when he filed this habeas action, Hayes was housed outside this court's jurisdiction. Thus, this court lacks jurisdiction to grant Hayes's requested relief. See Padilla, 542 U.S. at 447.

---

staff is moot. See Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014) (In the absence of claims for damages, "[a] prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release.").

4

## Conclusion

For the foregoing reasons, the district judge should dismiss Hayes's § 2241 petition without prejudice to his ability to refile it in the United States District Court for the Southern District of New York.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 19, 2020

cc:  John Hayes, pro se